IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SONIA RUSSELL,<br><br>           Plaintiff,<br><br>vs.<br><br>POSTMASTER GENERAL LOUIS DEJOY, Postmaster General;<br><br>           Defendant. | **8:20CV533**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Sonia Russell ("Plaintiff") filed a Complaint against Louis Dejoy, Postmaster General, ("Defendant") in this matter on December 28, 2020. (Filing 1.) This court has given Plaintiff leave to proceed in forma pauperis in this matter. (Filing 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I.    SUMMARY OF COMPLAINT

Plaintiff is a female and was born in 1969. She worked for the United States Postal Service ("USPS") as a Mail Processing Clerk, PS-06, at the USPS Processing and Distribution Center in Omaha, Nebraska. Plaintiff claims she suffered unequal terms and conditions of her employment and inappropriate aggressiveness toward females and asserts she was discriminated and retaliated against based on her race, color, gender/sex, and age, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, the Age Discrimination in Employment Act 1967, 29 U.S.C. §§ 621 to 634 ("ADEA"), and relevant Nebraska anti-discrimination laws. (Filing 1 at CM/ECF pp. 3 & 4.) Plaintiff attached to her Complaint the complaint of discrimination she filed with the Equal Employment Opportunity Commission ("EEOC") on or about June 5, 2017, and the EEOC's

Decision on Request for Reconsideration and right to sue notice. (*Id.* at CM/ECF pp. 7–11.) In assessing Plaintiff's Complaint, the court will consider the allegations raised in Plaintiff's EEOC complaint of discrimination, as well as those raised in the Complaint. *See Coleman v. Correct Care Solutions*, 559 Fed. App'x. 601, 602 (8th Cir. 2014).

Plaintiff claims that her on-site supervisor, Frank O'Connor ("O'Connor"), grabbed and threw her arm up and back after she refused to perform the task he instructed her to do when she was on the way to break. Later on the same date, O'Connor questioned Plaintiff about what she was doing when she was putting letters in sequence and ordered her to pull a mail tray and set it aside. Plaintiff asserts that O'Connor retaliated against her due to her not performing the task when she was on break time. (Filing 1 at CM/ECF p. 8.) The materials attached to Plaintiff's Complaint reflect that the USPS conducted an investigation that determined O'Connor acted improperly and then issued corrective discipline for his conduct. (*Id.* at CM/ECF p. 10.)

The EEOC ultimately adopted the findings of an Administrative Judge ("AJ") finding no discrimination and that Plaintiff "failed to demonstrate that she was treated less favorably than comparators outside of her protected classes." (Filing 1 at CM/ECF p. 10.) The AJ further determined that Plaintiff failed to demonstrate that the conduct of her supervisor was based on any discriminatory animus toward her race, color, sex, and/or age, or that USPS' alleged conduct was severe and pervasive so as to alter the conditions of Plaintiff's employment. (*Id.*)

Plaintiff timely filed her Complaint with this court on December 28, 2020, after she received her right-to-sue notice from the EEOC. (*Id.* at CM/ECF pp. 1, 10–11.) As relief, Plaintiff seeks the removal of O'Connor as "SDO",[1] "counseling for SDO", and monetary settlement. (*Id.* at CM/ECF pp. 5 & 7.)

---

[1] It is the court's understanding that "SDO" refers to "Supervisor of Distribution Operations."

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in her complaint. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Twombly*, 550 U.S. at 570. However, the elements of a prima facie case are relevant to a plausibility determination. *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of

3

the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

## III. DISCUSSION OF CLAIMS

Plaintiff asserts she was discriminated and retaliated against based on her race, color, gender/sex, and age in violation of Title VII, the ADEA, and relevant Nebraska anti-discrimination laws. The court construes "Nebraska anti-discrimination laws" as the Nebraska Age Discrimination in Employment Act ("NADEA"), Neb. Rev. Stat. §§ 48-1001–1010, and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101–1126. Nonetheless, the NADEA and the NFEPA are not applicable to federal agencies including the USPS, as the term "employer" under both acts does not include "the United States" or "a corporation wholly owned by the government of the United States." Neb. Rev. Stat. § 48-1002(2); Neb. Rev. Stat. § 48-1102(2). The court, therefore, will dismiss the state-law claims with prejudice.

### A. Discrimination

#### 1. Title VII Claims

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff alleges she was discriminated against based on her sex/gender and race. Discrimination "because of" one's sex or race "occurs when sex [or race] is 'a motivating factor for any employment practice, even though other factors also

4

motivated the practice.'" *Tyler v. Univ. of Arkansas Bd. of Trustees,* 628 F.3d 980, 990 (8th Cir. 2011) (quoting 42 U.S.C. § 2000e-2(m)).

The court looks to the elements of a prima facie case of discrimination in assessing whether Plaintiff has pled enough facts to make entitlement to relief plausible. To state a prima facie claim of gender/sex, race, or color discrimination, Plaintiff must allege facts showing that (1) she is a member of a protected class; (2) she met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011); *see also Tyler*, 628 F.3d at 990. "The required prima facie showing is a flexible evidentiary standard, and a plaintiff can satisfy the fourth part of the prima facie case in a variety of ways, such as by showing more-favorable treatment of similarly situated employees who are not in the protected class, or biased comments by a decisionmaker." *Pye*, 641 F.3d at 1019 (internal quotations and citations omitted).

Plaintiff's Complaint states that O'Connor mistreated her after she refused to perform the task he instructed her to do and then retaliated against her because of her noncompliance to his order. There are no allegations whatsoever that these adverse employment actions were taken because of Plaintiff's sex or gender or that she was treated less favorably than similarly situated employees outside of her protected classes. Rather, Plaintiff provides in her Complaint that she felt O'Connor treated her less favorably than all other employees when her coworkers all got a break except her. (Filing 1 at CM/ECF p. 8.) Plaintiff alleges the retaliation from O'Connor was due to her not going to finish running the outgoing mail when she was on her break time. (*Id.*) Furthermore, the alleged adverse employment actions of her supervisor fail to suggest Plaintiff suffered "a material employment disadvantage or a tangible change in her working conditions." *Thomas v. Corwin*, 483 F.3d 516, 528–29 (8th Cir. 2007); *Wedow v. City of Kan. City, Mo.*, 442 F.3d 661, 671 (8th Cir. 2006). Accordingly, Plaintiff has failed to state a sex or gender discrimination claim for which relief may be granted.

With respect to her race and color discrimination claims, Plaintiff fails to allege that she is a member of a protected class because of her race or color. Nowhere in her Complaint does she identify her race or color or indicate she was discriminated against based on her race or color. Hence, Plaintiff has failed to state a race or color discrimination claim upon which relief may be granted.

### 2. ADEA Claim

Plaintiff asserts an age discrimination claim under the ADEA. The ADEA protects individuals over 40 and prohibits an employer from failing or refusing to hire, discharging, or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a); *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). The court looks to the elements of a prima facie case of discrimination in assessing whether Plaintiff has pled enough facts to make entitlement to relief plausible.

To set forth a prima facie claim of age discrimination, a plaintiff must establish that (1) she is over 40; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the class were treated more favorably. *Anderson*, 606 F.3d at 523. "The hallmark of an ADEA disparate-treatment claim is intentional discrimination against the plaintiff on account of the plaintiff's age." *Rothmeier v. Inv. Advisers, Inc.*, 85 F.3d 1328, 1331 (8th Cir. 1996). This requires proof that age was the "but-for" cause of the employer's adverse decision. *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 176–78 (2009).

Here, Plaintiff also fails to allege that the physical aggressiveness and retaliation she suffered were motivated by age discrimination from O'Connor, or that similarly situated employees outside of her protected class were treated more favorably. As Plaintiff provides in her Complaint, she felt she was treated less favorably than all other employees because she was asked to perform a task during

6

her break. Additionally, as stated *supra*, the alleged adverse employment actions of her supervisor were not likely to cause Plaintiff to suffer "a material employment disadvantage or a tangible change in her working conditions." *Thomas*, 483 F.3d at 528-29 (8th Cir. 2007); *Wedow*, 442 F.3d at 671 (8th Cir. 2006). Thus, Plaintiff has failed to state an age discrimination claim for which relief may be granted.

### B. Retaliation

Lastly, Plaintiff alleges a retaliation claim. Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). Similarly, the ADEA makes it unlawful for an employer to discriminate against an employee because she has opposed any practice made unlawful by the ADEA, or because the employee has participated in any manner in an investigation, proceeding, or litigation. 29 U.S.C. § 623(d). To establish a prima facie case of retaliation under either Title VII or the ADEA, a plaintiff must show "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 436 (8th Cir. 2016) (internal quotation omitted); *see also Kneibert v. Thomson Newspapers, Michigan Inc.*, 129 F.3d 444, 454 (8th Cir. 1997) (elements of prima facie case of retaliation under the ADEA).

Here, Plaintiff does not show that she engaged in any statutorily protected activity. Plaintiff fails to allege that she made any complaint or opposed any practice prohibited by Title VII or the ADEA. Instead, Plaintiff merely states O'Connor questioned what she was doing and made her pull the mail tray because she didn't do the task he asked her to do earlier during her break time. Additionally, Plaintiff does not demonstrate that the physical aggressiveness and interference with work tasks by O'Connor caused her to suffer a material employment disadvantage or a tangible change in her working conditions. *See Thomas*, 483 F.3d at 528-29 (8th Cir.

2007); *Wedow*, 442 F.3d at 671 (8th Cir. 2006). Because Plaintiff has not alleged that she engaged in any statutorily protected activity or that she suffered any adverse employment action as a result, her allegations are insufficient to state a plausible retaliation claim.

## IV. CONCLUSION

Plaintiff has not alleged facially plausible claims for discrimination or retaliation based on her race, color, gender/sex, or age. However, the court on its own motion will give Plaintiff leave to file an amended complaint to allege discrimination and retaliation claims supported by sufficient truthful factual allegations. If an amended complaint is filed within 30 days, the court will then conduct another initial review pursuant to 28 U.S.C. § 1915(e)(2); otherwise, the case will be dismissed without further notice.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Plaintiff shall have until **May 17, 2021**, to file an amended complaint that sufficiently alleges employment discrimination and retaliation claims upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: **May 17, 2021**: check for amended complaint.

DATED this 16th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

8