IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SONIA RUSSELL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>POSTMASTER GENERAL LOUIS DEJOY, Postmaster General,<br><br>　　　　　Defendant. | 8:20CV533<br><br>**MEMORANDUM AND ORDER** |

  Plaintiff, a United States Postal Service ("USPS") mail-processing clerk, filed this lawsuit pro se, claiming her employer discriminated and retaliated against her based on her race/color, sex/gender, and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17 (Westlaw 2022), the Age Discrimination in Employment Act 1967 ("ADEA"), 29 U.S.C. §§ 621 to 634 (Westlaw 2022), and relevant Nebraska anti-discrimination laws.[1] On the court's

---

[1] Plaintiff's claims arise under the federal-sector provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16(a) ("All personnel actions affecting employees . . . in the United States Postal Service . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin."), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a(a) ("All personnel actions affecting employees . . . who are at least 40 years of age . . . in the United States Postal Service . . . shall be made free from any discrimination based on age."). Although neither federal-sector provision mentions "retaliation," a USPS or other federal employee who is a victim of retaliation due to the filing of a complaint of discrimination under Title VII or the ADEA may assert a claim for retaliation. *See Byer v. Wilkie*, No. 4:17CV3160, 2019 WL 4858435, at *3 (D. Neb. Oct. 2, 2019) (citing *Gomez-Perez v. Potter*, 553 U.S. 474, 479, 487-88 & n.4 (2008)); *cf. Green v. Brennan*, 136 S. Ct. 1769, 1775 (2016) ("We assume without deciding that it is unlawful for a federal agency to retaliate against a civil servant for complaining of discrimination.").

initial review (Filing 8) of Plaintiff's pro se Complaint (Filing 1), it concluded that Plaintiff failed to state a Title VII discrimination or retaliation claim based on sex/gender or race/color; Plaintiff failed to state an ADEA discrimination or retaliation claim; and Nebraska's anti-discrimination laws were not applicable to federal agencies like the USPS, so such claims should be dismissed with prejudice.

While all of Plaintiff's claims were subject to pre-service dismissal, the court granted Plaintiff leave to file an amended complaint. Plaintiff has done so. (Filing 13.) The court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court's previous discussion (Filing 8) of the elements of each of Plaintiff's claims will not be repeated here, but will be incorporated by this reference into the court's initial review of Plaintiff's Amended Complaint.

## THE COMPLAINTS

Plaintiff's first Complaint was summarized in the court's initial review thereof:

> Plaintiff claims that her on-site supervisor, Frank O'Connor ("O'Connor"), grabbed and threw her arm up and back after she refused to perform the task he instructed her to do when she was on the way to break. Later on the same date, O'Connor questioned Plaintiff about what she was doing when she was putting letters in sequence and ordered her to pull a mail tray and set it aside. Plaintiff asserts that O'Connor retaliated against her due to her not performing the task when she was on break time.

(Filing 8 at CM/ECF p. 2.)

Plaintiff's Amended Complaint (Filing 13) adds that O'Connor targeted her for discrimination and retaliation because she is female and African-American; three other white, male mail-processing clerks were permitted to take their breaks

2

"whenever" and were not asked to skip their breaks to perform tasks, as Plaintiff was (Filing 13 at CM/ECF pp. 25-26 (EEO Investigative Affidavit attached to Amended Complaint)); prior to the above incident, Plaintiff filed "multiple" grievances with her union against O'Connor, including one accusing him of "standing at the end of the machine watching her bend over and sweep the mail into trays" (*id*. at CM/ECF p. 1); O'Connor has a history of inappropriate conduct against female employees in the workplace; O'Connor retaliated against Plaintiff by "scheduling [Plaintiff] to work with co-workers she requested not to work with due to their lack of work ethic" and "by assigning [her] larger or more difficult zip codes of mail to process" (*id*.); despite a 2015 finding after a union investigation that O'Connor was "guilty" of misconduct in the workplace involving creation of a hostile workplace, "management continues to allow . . . O'Connor to supervise employees at the plant[, which] constitutes the perpetuation of a hostile work environment . . . ." (*id*. at CM/ECF p. 2); several other women have encountered "gender and sex discrimination by Frank O'Connor" (*id*. at CM/ECF p. 3); in order to avoid being directly supervised by O'Connor, Plaintiff has "successful[ly] bid on another job position within the USPS" (*id*.); O'Connor's behavior toward Plaintiff caused her to miss several days of work such that her "financial state was severe to the point of garnishments and collections" (*id*. at CM/ECF p. 4); and "[t]here was nothing wrong with the work I was performing" (*id*. at CM/ECF p. 5).

## **DISCUSSION**

**A. Discrimination**

    **1. Title VII**

        **a. Sex/Gender & Race/Color**

After careful review of Plaintiff's Amended Complaint—and being mindful of the liberal construction and lesser pleading standard I must apply in analyzing it—I conclude that Plaintiff's Amended Complaint alleges facts sufficient to state a

plausible claim for relief under Title VII for discrimination based on sex\gender and race/color.[2] Plaintiff alleges she is female and African-American; she has met her employer's legitimate expectations ("[t]here was nothing wrong with the work I was performing"); she suffered an adverse employment action in the form of a constructive discharge (Plaintiff alleges she has "successful[ly] bid on another job position within the USPS")[3]; and Plaintiff's supervisor's history of inappropriate conduct toward female employees based on their sex/gender and of treating three white, male mail-processing clerks more favorably than Plaintiff gives rise to an inference of discrimination. Accordingly, these claims may proceed to service of process.

### b. Hostile Work Environment Based on Sex/Gender

Plaintiff's Amended Complaint[4] adds factual allegations that "focus on the cumulative and combined effects of the workplace environment as a whole." *Garang*

---

[2] This is only a preliminary determination for purposes of initial review based on the allegations found within the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

[3] An adverse employment action is defined as a tangible change in working conditions that produces a material employment disadvantage, including but not limited to, . . . circumstances amounting to a constructive discharge.

*Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013). A constructive discharge is a situation "in which an employee had no choice but to quit because of the employer's actions." *Fenney v. Dakota, Minnesota & E. R. Co.*, 327 F.3d 707, 717 (8th Cir. 2003).

[4] Attachments to Plaintiff's original Complaint indicate that she raised the issue of a hostile work environment with the EEOC. (Filing 1 at CM/ECF p. 10 ("the AJ determined that Complainant failed to demonstrate that the alleged Agency conduct was severe and pervasive to as to alter the conditions of Complainant's employment."). *Williams v. Herron*, 687 F.3d 971, 975 (8th Cir. 2012) (fourth

4

*v. Smithfield Farmland Corp.*, 439 F. Supp. 3d 1073, 1089 (N.D. Iowa 2020). Title VII prohibits discrimination based on sex that creates a hostile or abusive working environment. *Linville v. Sears, Roebuck & Co.*, 335 F.3d 822, 823 (8th Cir. 2003). To state a claim for hostile work environment based on sex, a plaintiff must show that he or she (1) belongs to a protected group; (2) was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. *Id.* at 823-24.

Plaintiff alleges a plausible hostile-work-environment claim by stating that she is female; she was subject to repeated, unwelcome harassment based on her sex/gender; the harassment affected a term, condition, or privilege of her employment because the harassment forced her to find another job within the USPS; and after several prior sexual-harassment incidents involving Plaintiff's supervisor, Plaintiff, and other female employees, the USPS should have known of the problem and it failed to take proper remedial action. Therefore, this claim will be permitted to proceed to service of process.

### 2. ADEA

Plaintiff's Amended Complaint does not contain facts plausibly alleging that she suffered an adverse employment action because of her age or that similarly

---

element of hostile-work-environment claim requires a showing that defendant's conduct was "so severe or pervasive as to alter a term, condition, or privilege of [his] employment" (internal quotation marks and citation omitted)). It has been held that a federal employee can bring a hostile-work-environment claim based on actions that do not include ultimate employment decisions. *See Daniel v. U.S. Dep't of Homeland Sec.*, No. CV 15-3628, 2016 WL 5800983, at *6 (E.D. La. Oct. 5, 2016); *see also Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (sexual harassment claim based on hostile work environment).

5

situated employees under 40 years of age were treated more favorably. Therefore, this claim will be dismissed for failure to state an age-discrimination claim upon which relief can be granted.

**B. Retaliation Under Title VII & ADEA**

Very broadly construed, Plaintiff's Amended Complaint alleges that after Plaintiff filed "multiple" grievances[5] with her union against her supervisor regarding sex/gender-based discrimination, O'Connor created a hostile workplace based on Plaintiff's sex/gender that caused Plaintiff to change jobs in order to avoid being supervised by O'Connor and having to endure the hostile workplace he perpetuated. Thus, Plaintiff's Title VII retaliation claim based on sex/gender will be permitted to go forward. However, because Plaintiff's Amended Complaint does not allege that she engaged in statutorily protected activity based on race or age, Plaintiff has failed to state a Title VII or ADEA retaliation claim on those bases, and such claims will be dismissed.

Accordingly,

1. Plaintiff's claims under Title VII for (a) discrimination based on sex/gender and race/color; (b) a hostile work environment based on sex/gender; and (c) retaliation based on sex/gender may proceed to service of process. Plaintiff's

---

[5] "To establish a prima facie case of retaliation under Title VII, a plaintiff must show (1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 436 (8th Cir. 2016) (internal quotation marks and citation omitted); *see also Kneibert v. Thomson Newspapers, Michigan Inc.*, 129 F.3d 444, 454 (8th Cir. 1997) (elements of ADEA retaliation claim are the same). "Protected activity" includes "[t]he filing of incident reports (and grievances)." *Sutherland v. Missouri Dep't of Corr.*, 580 F.3d 748, 752 (8th Cir. 2009).

ADEA claims and Title VII retaliation claim based on race/color are dismissed without prejudice for failure to state a claim upon which relief can be granted.

2. For service of process on Defendant Louis DeJoy, Postmaster General of the United States Postal Service, the Clerk of Court is directed to complete a summons form and a USM-285 form for each of the following:

**Louis DeJoy, Postmaster General of the United States Postal Service, at 475 L'Enfant Plaza SW, Washington, DC 20260-0010**

**United States Attorney's Office for the District of Nebraska, 487 Federal Building, 100 Centennial Mall North, Lincoln, NE 68508**

**Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001**

The Clerk of Court shall then forward the forms—together with copies of the Complaint (Filing 1), the Amended Complaint (Filing 13), the court's initial review of Plaintiff's Complaint (Filing 8), and this Memorandum and Order—to the Marshals Service.[6] The Marshals Service shall serve Defendant Louis DeJoy,

---

[6] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for

7

Postmaster General of the United States Postal Service, by serving the summons and USM-285 forms and accompanying documents to **each** of the above-listed addresses. *See* Federal Rule of Civil Procedure 4(i)(2).

3.  The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

4.  Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

5.  Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

DATED this 9th day of February, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

---

prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).